IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL NORLEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 06-3016 |
| MARY C. NORLEY, et al. | : | |

## ORDER-MEMORANDUM

AND NOW, this    17ᵗʰ    day of July, 2006, plaintiff Michael Norley's pro se "Application to Proceed in Forma Pauperis" in this court is granted, 28 U.S.C. § 1915(a).[1] This action is also remanded to the Court of Common Pleas of Chester County, 28 U.S.C. § 1447(c).[2]

Michael Norley's "Application to Proceed in Forma Pauperis" demonstrates his inability to pay this court's statutory filing fee.[3] Plaintiff has been diagnosed with multiple sclerosis and has been unable to work since September 1994. He receives food stamps ($148 per month) and loans from friends. He has no savings or checking accounts. His application

---

[1] "In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. Rewolinski v. Morgan, 896 F. Supp. 879, 880 (E.D. Wis. 1995), citing 28 U.S.C. § 1915(a) and (d).

[2] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Federal courts have a duty "to examine their subject matter jurisdiction at all stages of the litigation sua sponte if the parties fail to raise the issue. That obligation extends to removal cases, as well as those originally filed in the district court." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002).

[3] "One need not be completely destitute in order to proceed in forma pauperis under § 1915. An affidavit demonstrating that the petitioner cannot, because of poverty, provide himself and any dependents with the necessities of life is sufficient." Rewolinski, 896 F. Supp. At 880, citing Adkins v. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948).

does not disclose the value of residential and business real estate that he owns, apparently with his estranged wife, but does refer to a mortgage in the amount of $315,000, and to his ownership of two automobiles with an alleged combined value of $700.  It represents that two of plaintiff's minor children are dependent on him for support.  Application, ¶¶ 2, 5-9.[4] Because of his lack of funds, he is unable to pay the costs of these proceedings or to give security, Application, ¶ 2.

With respect to the merits of plaintiff's claim,[5] Mary Norley filed an action in divorce against Michael Norley, which was removed to this court by Michael Norley.[6]  In his Notice of Removal, Mr. Norley avers that the divorce action is the product of a RICO enterprise involving all of the defendants named in the action removed to this court, and is a violation

---

[4] The application also avers having taken defaults against defendants in Norley v. State of Pennsylvania, U.S.D.C., E.D. Pa., Civ. A. No. 05-5311, totaling approximately $500 million. However, the docket in that case does not reflect the entry of default against any defendant, and six separate motions to dismiss the complaint are pending.  See docket entries.  These defaults will not be considered in deciding plaintiff's request to proceed in forma pauperis.

[5] "Under § 1915(e)(2)(B), a court may dismiss a case 'at any time' if it determines an action or appeal (1) is frivolous or malicious, (ii) fails to state a claim upon which relief can be granted, or (iii) seeks monetary damages from a defendant with immunity.  An ation or appeal can be frivolous for either legal or factual reasons." Tittler v. Klem,, 2002 WL 31993975 (3d Cir., Dec. 9, 2002), citing Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The frivolous standard . . . requires that a court assess an in forma pauperis complaint from an objective standpoint in order to determine whether the claim is based on an indisputably meritless legal theory or clearly baseless factual contention." Deutsch v. United States, 67 F.3d 1080, 1086 (3d Cir. 1995).

[6] On June 30, 2005, Mary Norley filed an action in divorce, styled Mary C. Norley v. Michael Norley, C.P. Chester, No. 05-5193.  On July 9, 2006, Mr. Norley removed the divorce action to this court, and, in addition to Mary Norley, named as defendants the following individuals: Carolyn B. Welsh, James P. MacElree II, Alita A. Rovito, and John and Jane Doe defendants.

2

of his federal constitutional rights.  Notice of Removal at 2-3.

"Where the parties are not diverse, removal is appropriate only if the case falls within the district court's original 'federal question' jurisdiction: 'all civil actions arising under the Constitution, laws, or treaties of the United States.'"  U.S. Express Line, Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002).  The parties in this case are not diverse.[7]  The divorce complaint does not describe any basis for this court's exercise of federal question jurisdiction over this domestic relations matter, which is governed solely by state law.[8]  Therefore, the case must be remanded to the Court of Common Pleas of Chester County.


BY THE COURT:


 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[7] Diversity jurisdiction requires that, "all of the parties on one side of the controversy must be citizens of a different state from all of the parties on the other side."  Enza v. We the People, Inc., 838 F.Supp. 975, 977 (E.D. Pa. 1993); 28 U.S.C. § 1332(a).

[8] Removal is permitted "'only when the *plaintiff's* statement of his own cause of action shows that it is based upon [federal] laws or [the] Constitution.'"  Gukin v. Nagle, 259 F.Supp.2d 406, 409 (E.D. Pa. 2003), quoting Bracken v. Matgouranis, 296 F.3d 160, 163 (3d Cir. 2002) (emphasis added).  While Mr. Norley's Notice of Removal alleges violation of his Constitutional rights, "action are not removable based on the availability of a federal defense to the state law grounded complaint."  Id.